This case is before the court, without oral argument, on defendant’s motion for summary judgment and plaintiffs cross-motion. The issue presented is whether the defendant is liable to plaintiff for various damages flowing from the defendant’s breach of an alleged implied in fact employment contract. For the reasons discussed herein, we dismiss plaintiffs petition.
Plaintiff, James G. Hilton, is a former GS-13 civilian employee of the U. S. Army Materiel Development and Readiness Command (DARCOM), now retired, who undertook a series of administrative appeals involving his employment. Beginning in 1974, plaintiff submitted a grievance action to the U. S. Army complaining about his slow career progression and lack of employment. The Army *735 found no evidence of discrimination or unfair treatment and denied the grievance. Plaintiff thereupon unsuccessfully pursued a series of appeals within the Army. On May 8, 1976, plaintiff wrote to the Comptroller General complaining that he had been unable to receive a fair or impartial review by the army, and he requested appellate review at the General Accounting Office (GAO). Plaintiff also submitted papers to the GAO indicating he had performed GS-14 duties. On June 22, 1976, the GAO responded that it did not have jurisdication to review grievance actions though it might entertain a claim for retroactive pay adjustment.
Plaintiff, thereupon, requested such retroactive pay, and on September 7, 1979, the GAO found that plaintiff was detailed to a higher grade position from July 19, 1967, to June 27, 1970. The GAO reasoned that because that detail lasted more than 6 months without Civil Service Commission approval, the continuation of the detail beyond the 6-month period constituted an unjustified personnel action under the Back Pay Act, 5 U.S.C. § 5596. However, 31 U.S.C. § 719, precluded payment of an award of back pay that accrued more than 6 years prior to the date the claim was recorded with the GAO. Because the GAO received plaintiffs claim on June 24, 1976, payment was granted from June 24, 1970 - June 27, 1970. The GAO, however, dismissed plaintiffs request for a permanent promotion, as they viewed plaintiffs relief to be limited to the period during which plaintiff performed GS-14 duties.
Plaintiff also requested retroactive approval of a quality step increase within grade 13 for which he was recommended in 1969. However, because plaintiffs record was corrected to reflect that he was temporarily promoted to the GS-14 level for the period during which the quality step increase was based, the GAO dismissed this claim. Likewise, the GAO dismissed plaintiffs claim for back pay based on an alleged lack of equal opportunity for promotion. The GAO reasoned that the only remedy for such a lack of equal opportunity would have been consideration of plaintiff for the next appropriate vacancy, but as plaintiff had already retired, the remedy was not available.
On October 15, 1980, plaintiff filed suit in this court. Plaintiff characterizes this action as one for compensation *736 resulting from defendant’s breaches of an implied-in-fact employment contract between plaintiff and defendant. Specifically, plaintiff alleges that the government failed to pay him at a GS-14 level despite performance of work at that grade thus entitling him to a permanent promotion with breach damages equivalent to the differential between a GS-14 salary and plaintiffs actual salary; that the government wrongfully denied him a quality step increase; that a restructuring and classification change deprived him of the ability to compete on an equal basis for merit promotion; and that he suffered humiliation and frustration from government treatment.
Plaintiff seeks to characterize his injuries as those resulting from a breach of an implied-in-fact contract. He emphasizes, in fact, that this is not a pay case, but a contract case. However, this court consistently has held that employees of the Federal Government generally hold their positions based upon rights derived from statutes and regulations — not contractual rights. E.g., Urbina v. United States, 192 Ct.Cl. 875, 428 F.2d 1280 (1970). Therefore, plaintiffs claim must be characterized properly as one based upon the failure of the government to act according to statute or regulation and not contract.
To recover a monetary award it is not enough for plaintiff to show that the government acted improperly. As sovereign, the United States is immune from suit except as Congress has consented to a cause of action against the United States. To recover a monetary award, there must be a statute or regulation that can be interpreted as mandating monetary compensation. No such statute covers plaintiffs claims. The Supreme Court has held that the Back Pay Act, 5 U.S.C. §5596 et seq., does not change the rule that a "federal employee is entitled to receive only the salary of the position to which he was appointed, even though he may have performed the duties of another position.” United States v. Testan, 424 U.S. 392, 406 (1976).
The case of Selman v. United States, 204 Ct.Cl. 675, 498 F.2d 1354 (1974) is inapposite. The pay claim there rested upon mandatory language in 37 U.S.C. § 202(l) that an officer "serving as Assistant Judge Avócate General of the Navy is entitled to the basic pay of a rear admiral (lower *737 half) or brigadier general, as appropriate.” Plaintiffs claim is not based upon a similar mandatory provision.
Assuming, arguendo, the correctness of the decision of the GAO that plaintiff was entitled to a temporary promotion, plaintiff does not seek recovery before us on that theory. He instead alleges he is entitled to the back pay due him as if he had been permanently appointed to a GS-14. This court, however, is without jurisdiction, absent a special law, to order any promotion. See id. Therefore, although plaintiff claims he does not seek a promotion — only monetary damages flowing from the government’s failure to promote him, he is only entitled to the salary of the position to which he was appointed. United States v. Testan, supra.
Plaintiffs other claims likewise fail. The denial of the quality step increase occurred in 1969. That claim is in excess of 6 years and is barred. 28 U.S.C. § 2501. Plaintiffs claims for compensation from an inability to compete for promotion equally and for humiliation and frustration have no basis on a statute mandating an award of compensation. They are denied.
Therefore, for the above reasons, defendant’s motion for summary judgment is granted, plaintiffs motion is denied, and plaintiffs petition is dismissed.