This case is before the court on defendant’s motion to dismiss. After fully considering the parties’ submissions, we grant that motion.
Plaintiff A. Leon Wilson is presently an employee of the Department of Housing and Urban Development (HUD). Wilson alleges he was formerly classified and compensated at a GS-9 grade in an unidentified position but was temporarily assigned or "detailed” to a GS-11 position as a HUD "Multi-Family Inspector.” This detail allegedly lasted from May 22, 1973, through December 4, 1976, on which date plaintiff was apparently promoted to GS-11. In this suit, Wilson seeks to make his GS-11 promotion retroactive to the 121st day of the detail and to receive back pay of the higher position for the remaining portion of the detail. Although not cited by plaintiff, statutory authority for this relief is presumably 5 U.S.C. § 3341 (1970), which limits details to 120 days, and 5 U.S.C. § 5596 (1976 and Supp. Ill 1979), which allows the recovery of back pay. Plaintiffs theory appears to be that any detail beyond 120 days entitles the employee to the rank and pay of the detailed position.
We have long held, however, that a Government employee is entitled only to the rights and salary of the position to which he has actually been appointed by one having the authority to do so. The cases supporting this proposition are legion. E.g., Baker v. United States, 222 Ct. Cl. 263, 271, 641 F. 2d 263, 268 (1980), and cases cited thereat; Bielec v. United States, 197 Ct. Cl. 550, 560, 456 F. 2d 690, 696 (1972); Ganse v. United States, 180 Ct. Cl. 183, 186, 376 F. 2d 900, 902 (1967). Applying this settled principle, we have consistently dismissed claims such as this plaintiff brings which *512 seek a constructive promotion and back pay based on an illegal detail. E.g., Salla v. United States, 228 Ct.Cl. 744, 746-47 (1981); Goutos v. United States, 212 Ct. Cl. 95, 98, 552 F. 2d 922, 924 (1976); Peters v. United States, 208 Ct. Cl. 373, 376-380, 534 F. 2d 232, 234-236 (1975). Dismissal of Wilson’s claims would appear appropriate.
To escape this fate, plaintiff argues that the Comptroller General of the United States has recently concluded, notwithstanding Peters, that retroactive promotion with concomitant back pay may be appropriate when an employee is detailed for longer than 120 days. See Everett Turner, 56 Comp. Gen. 427 (1977). Everett Turner does indeed allow a retroactive promotion and the recovery of back pay on facts similar to those plaintiff Wilson alleges here. The essence of the Comptroller General’s opinion is that to do otherwise is to ignore the express statutory command of 5 U.S.C. §3341 and is "not conducive to sound personnel management.” Id. at 430. This court’s decision in Peters (and presumably the line of cases it represents) is distinguished in that "* * * it is apparent from the Peters decision that the Court of Claims was not informed that the Board of Appeals and Review had interpreted the Civil Service Commission’s employee detail provisions as requiring mandatory temporary promotions under certain conditions and that this Office had concurred in that interpretation. Hence we do not feel compelled to follow Peters. See Boys Markets v. Retail Clerks Union, 398 U.S. 235 (1970); 20 Am.Jur.2d Courts § 193 (1965); 21 C.J.S. Courts § 186(c) (1940).”.[Id. at 431.]
We recognize, of course, that the express language of 5 U.S.C. §3341, as well as related provisions of the Federal Personnel Manual (FPM), is offended indeed by a detail longer than 120 days. Further, we assume arguendo that such details are not conducive to sound personnel management. As we have often held, though, not every violation of a statute or regulatory provision founds a suit for damages in this court. E.g., Eastport Steamship Co. v. United States, 178 Ct. Cl. 599, 605, 372 F. 2d 1002, 1007 (1967). As relevant here, only a claim based on a statute, regulation, or constitutional provision which can be read to mandate *513 money damages for the plaintiff is within our jurisdiction. The Supreme Court requires no less. United States v. Testan, 424 U. S. 392, 400 (1976).
Simply put, there is no statute or other provision of law which authorizes money damages be paid plaintiff Wilson. The statute which limits details to 120 days, 5 U.S.C. § 3341, contains no language authorizing either a constructive promotion or pay of the detailed position when the detail exceeds the permissible duration. Leaving aside whether provisions of the FPM alone provide the necessary entitlement, see Garbacz v. United States, 228 Ct.Cl. 309, 317-19, 656 F.2d 628, 634-35 and n. 3 (1981), the FPM provisions applicable here merely detail the statute and likewise do not purport to authorize the constructive promotion or back pay Wilson seeks. See FPM §§ 300(8-4)e and 300(8-4)f (August 26, 1970); FPM §§ 335(4-l)e(2) and 335(4-4) (October 25, 1973). Nor does the Back Pay Act, 5 U.S.C. § 5596, place this claim within our jurisdiction. That section authorizes the payment of salary which has been improperly denied a Government employee and is otherwise due. As the Ganse line of cases has consistently held, however, there is no entitlement to the salary of a position until one has been appointed properly to that position. See also Testan, 424 U. S. at 405-406. Wilson concedes he has received the pay of the GS-9 position he was appointed to for the period of the detail. He is entitled within the purview of the Back Pay Act to nothing more. Notwithstanding the Comptroller General’s opinion in Everett Turner, this petition must be dismissed.
Accordingly, it is therefore ordered that defendant’s motion to dismiss be and is hereby allowed. The petition is dismissed.