Plaintiff was a civilian employee of the Army. His claim is that on several occasions he was detailed to do the work of higher jobs but was not paid for that higher-level work. He sues for the higher pay. There is no claim that he was ever formally promoted to or awarded any of those higher positions, but he does allege that he was explicitly or implicitly informed that he would be paid at the higher rates for these periods of service. Defendant moves to dismiss. Without oral argument, we grant that motion.
First, it is settled in this court that plaintiff cannot recover, either under the Back Pay Act, 5 U.S.C. §5596, or under the "detail” statute, 5 U.S.C. §3341, the pay of a higher position to which he has been detailed (either properly for the statutory maximum of 120 days, or improperly in excess of 120 days) but not promoted. This was squarely held in Wilson v. United States, 229 Ct. Cl. 510 (1981). An employee held on detail, in violation of 5 U.S.C. §3341, may possibly have an injunctive or mandato *924 ry action in a District Court to end his detail, but he does not have a monetary claim under the Tucker Act for the higher pay.[1]
Second, plaintiff, as a civilian government employee, cannot retreat to the often-invoked, but erroneous, premise that he is merely relying on the claim that he has an implied contractual right to the higher pay. We have often held that employees of the Federal Government do not have contractual rights to their positions or to the higher pay, apart from authorizing specific legislation; rather, their employment rights are normally based on statutes and regulations. See, e.g., Hilton v. United States, 227 Ct. Cl. 734 (1981). Even if plaintiff was promised the higher pay of the jobs to which he was detailed, that promise would not create an enforcible contract. For the same reason, plaintiffs claim of quantum meruit is unavailing.
Third, insofar as plaintiffs complaint alleges the torts of fraud and false representation, those torts are plainly not within this court’s jurisdiction. 28 U.S.C. §1491,[2]
Accordingly, defendant’s motion is granted and plaintiffs petition is dismissed.
Plaintiffs petition for a writ of certiorari was denied November 8,1982.

 There are no other statutes or regulations on which plaintiff relies for his claim of higher pay-or on which he can possibly rely. Congress has simply not provided for higher pay for details short of actual promotions.

 It would not be in the interest of justice to transfer this case to the District Court. For one thing, plaintiff initially brought suit in the District Court which dismissed it, suggesting this court as the proper forum.