**Joseph C. SPAGNOLA, Jr., Appellant,**

v.

**David STOCKMAN, Director, Office of Management and Budget, et al., Appellees.**

**Appeal No. 83–1243.**

United States Court of Appeals, Federal Circuit.

April 19, 1984.

George M. Chuzi, Washington, D.C., for appellant.

Robert A. Reutershan, Washington, D.C., for appellees. With him on the brief were J. Paul McGrath, Asst. Atty. Gen., and David M. Cohen, Director, Washington, D.C.

Stuart H. Newberger, Asst. U.S. Atty., Washington, D.C., for the Dist. of Columbia, of counsel.

Before MARKEY, Chief Judge, DAVIS, Circuit Judge, and FORD, Judge.[*]

DAVIS, Circuit Judge.

The basic issue is whether a federal employee who was detailed (without additional

---

* The Honorable Morgan Ford, Judge, United States Court of International Trade, sitting by designation.

compensation) to perform the duties of a higher-level position beyond the lawful period for such a detail can now recover, in court, the pay of that higher-level position. Appellant Joseph C. Spagnola, Jr. was denied such relief by the United States District Court for the District of Columbia on the ground that his complaint did not state a claim, and he appeals to this court. We affirm.

## I

The allegations of appellant's complaint were: He was employed as a Procurement Analyst, GS–14, by the Federal Acquisition Institute (FAI) in the Office of Federal Policy Procurement, a component of the Office of Management and Budget (OMB). Between October 1977 and April 1981, he was detailed to the position of Acting Assistant Director of Research, GS–15, FAI, and performed the duties of that position. He was not, however, formally promoted to the GS–15 position and continued to receive the pay of the GS–14 job. The employing agency (OMB) did not request or receive the approval of the Civil Service Commission or the Office of Personnel Management for this temporary detail of about 3½ years. Sometime after the end of the detail (in April 1981), Mr. Spagnola presented a claim for back pay at the GS–15 level to the General Accounting Office which denied it.

This suit was then begun (in December 1982) in the District Court to receive that back pay, estimated at less than $10,000.[1] The Government moved to dismiss for failure to state a claim; the District Court granted that motion and dismissed the complaint. The appeal, incorrectly taken to the District of Columbia Circuit, was transferred to this court.[2]

## II

There are statutory and administrative provisions governing details of employees to a higher position. Section 3341 of Title 5 of the U.S.Code authorizes (in subsection (a)) the "detail" of employees [3] "among the bureaus and offices" of an executive department. Subsection (b) then provides that such details "may be made only by written order of the head of the department, and may be for not more than 120 days. These details may be renewed by written order of the head of the department, in each particular case, for periods not exceeding 120 days." Apparently implementing this statute, the Federal Personnel Manual (as issued by the former Civil Service Commission, and in effect when appellant's detail began in 1977) provided:

> 8–4 e. *Details to higher grade positions.* Except for brief periods, an employee should not be detailed to perform work of a higher grade level unless there are compelling reasons for doing so. Normally, an employee should be given a temporary promotion instead. If a detail of more than 60 days is made to a higher grade position, or to a position with known promotion potential, it must be made under competitive promotion procedures. * * *

> 8–4 f. *Obtaining prior approval for extension or propriety of a detail.* (1) When it is found that a detail will exceed 120 days, or when there is a question of the propriety of the detail, the agency must request prior approval of the Commission on Standard Form 59. * * *

Federal Personnel Manual, Chap. 300, subchapter 8 ("Detail of Employees") (August 1970).[4]

---

**1.** The complaint invoked the District Court's "Little Tucker Act" jurisdiction under 28 U.S.C. § 1346(a)(2).

**2.** We have exclusive jurisdiction (under 28 U.S.C. § 1295(a)(2)) of appeals from District Court cases brought, in whole or in part, under 28 U.S.C. § 1346(a)(2) (except for tax cases).

**3.** Except for "employees who are required by law to be exclusively engaged on some specific work."

**4.** Par. 8–4 f.(3) declared that the "[Civil Service] Commission will not authorize an extension beyond 120 days if appropriate classification action has not been completed," and Par. 8–4 f.(4) said: "The Commission normally will approve an extension for no more than 120 days at a

On the allegations in appellant's complaint—all the "facts" we now have before us—his detail to a higher position was for longer than permitted by the statute and the Federal Personnel Manual, and the requisite authorizations were not obtained (at least until February 1979 when authority was delegated by the OPM to OMB). We shall assume (as did the court below) that the detail beyond the first 120 days was therefore illegal.[5] On that assumption, this case is completely controlled by *Wilson v. United States*, 229 Ct.Cl. 510 (1981). Wilson, like appellant, had a long detail to a higher level position (May 1973—December 1976) without receiving the increased pay of that position. He sued for back pay in the Court of Claims which granted the Government's motion to dismiss. The court held again, after going into the matter thoroughly, that no statute (including the Back Pay Act) or other provision of law authorized back pay or damages for an employee illegally detailed to a higher position to which he had been detailed but not appointed. Appellant cannot distinguish that decision, which is binding on this panel. *South Corporation and Seal Fleet, Inc. v. United States*, 690 F.2d 1368 (Fed. Cir.1982).

### III

This would be the end of the matter were it not for appellant's earnest attack on *Wilson* in an effort to urge this panel to ask the court *in banc* to consider and decide this case so that *Wilson* can be overruled. For that reason we have recanvassed the issue to see whether we should take that course, and we conclude that we should not.

A. Appellant says, first, that the *Wilson* court did not give due consideration to the views of the Civil Service Commission and the General Accounting Office, which favored the detailed employee's right to the higher pay. *Wilson* did, in fact, specifically consider those positions but we go over the ground again to show that the *Wilson* decision was correct and reasonable, particularly on the basis of the provisions of the Federal Personnel Manual applicable both to *Wilson* and to the present case.

The history is this: Under the long-established rule that federal employees are entitled only to the salary of the position to which they have been appointed, (*United States v. Testan*, 424 U.S. 392, 406, 96 S.Ct. 948, 957, 47 L.Ed.2d 114 (1976)), the Court of Claims held consistently that employees detailed illegally to higher positions could not obtain the pay of that job. *Peters v. United States*, 534 F.2d 232, 234–37 (Ct.Cl. 1975); *Goutos v. United States*, 552 F.2d 922, 924–25 (Ct.Cl.1976); *Salla v. United States*, 228 Ct.Cl. 744, 746–47 (1981); *Wilson v. United States, supra*. In 1974, however, the Board of Appeals and Review of the then Civil Service Commission decided that two employees, who had been similarly illegally detailed, were "deemed to have been temporarily promoted to the higher grade levels of the positions to which they were detailed for a period beginning 121 days after they were detailed and ending on the date their details were 'officially' terminated ..." *In the Matter*

---

time. If the detail is to a higher grade position, the Commission will approve only one extension of up to 120 days, for a total of 240 days."

In February 1979, the Office of Personnel Management (successor to the Civil Service Commission), delegated to the heads of agencies (with possibility of further delegation) authority to extend details beyond 120 days. With respect to delegation to higher grade positions, not made during major reorganizations, the detail was limited to 120 days. FPM Bulletin No. 300–48, dated March 19, 1979. *See also* Federal Personnel Manual, Chap. 300, subchapter 8, as in effect in May 1981.

5. There may be a question whether 5 U.S.C. § 3341, *supra,* phrased to apply to "executive *departments*" (emphasis added) applies to OMB, which is technically not such an "executive department." The Federal Personnel Manual (the legal status of which is unclear, *see Fiorentino v. United States*, 607 F.2d 963, 968 (Ct.Cl.1979), *cert. denied,* 444 U.S. 1083, 100 S.Ct. 1039, 62 L.Ed.2d 768 (1980); *Piccone v. United States*, 407 F.2d 866, 871–72 n. 12, 876–79 (Ct.Cl.1969)) appears to apply to all executive agencies.

*of Caldwell and Turner.*[6] *See* 55 Comp. Gen. 539, 542 (1975). Those two employees were duly given such temporary promotions by their agency and applied for back pay to the General Accounting Office (GAO), which accepted the rationale of the Board of Appeals and Review and awarded back pay. *Turner-Caldwell,* 55 Comp.Gen. 539 (1975), overruling earlier GAO decisions to the contrary. The General Counsel and Executive Director of the Civil Service Commission, disagreeing on behalf of the Commissioners with the Board of Appeals and Review, sought reconsideration by the General Accounting Office and reversal of the GAO's ruling. That office adhered to its view. 56 Comp.Gen. 427 (1977). After the *Wilson* decision in the Court of Claims, however, the GAO again reconsidered its *Turner-Caldwell* ruling and withdrew from its earlier position. *Matter of Turner-Caldwell-Reconsideration in view of Wilson v. United States,* 61 Comp.Gen. 408 (May 1982). Although it considered itself not bound by the Court of Claims decision, the May 1982 GAO decision followed *Wilson* as "a reasonable interpretation" of the "statute and regulations governing details" which "is consistent with the views of the Office of Personnel Management [successor to the Civil Service Commission] and the Department of Justice." *Id.,* at 410.

From this recital, it is plain that (a) the Court of Claims uniformly followed the position accepted in *Wilson,* (b) the General Accounting Office followed that same position until after the Board of Appeals and Review of the Civil Service Commission decided *Turner-Caldwell* in 1974, and that the GAO's change of view lasted only from 1975–1982, and (c) the *Turner-Caldwell*

view was not even then accepted by the Civil Service Commission itself or by the successor Office of Personnel Management. There is, in short, no consistent, long-continued administrative interpretation contrary to that of the Court of Claims.

Moreover, the *Turner-Caldwell* position seems to us wrong in its reading of the statute and Federal Personnel Manual to mandate a temporary promotion for employees suffering from an illegally prolonged detail to a higher grade job. *Testan, supra,* and a long and unbroken line of Court of Claims decisions hold that an employee cannot be paid for a position to which he has not been appointed or promoted unless such an appointment (or promotion) is mandated or required by law.[7]

In this instance, there is nothing to suggest that Congress, in enacting 5 U.S.C. § 3341, *supra,* governing employee details, wanted to pay illegally detailed employees at the higher rate; on the contrary, the whole tenor of the statute is to cut short those details at the end of the allowable period, not to permit the executive to bypass the statutory limitation simply by paying the detailed employees as if Congress had authorized longer details. Nor did the Manual (assuming it had the force of law, *see* note 5, *supra*) itself impose any such requirement. The Manual merely said at most that "*Normally,* an employee *should* be given a temporary promotion *instead*" of a detail (*see* Part II, *supra*) (emphasis added). That is at best precatory, leaving it to the agency's own discretion whether or not to promote, and indicating that in any event promotion is a substitute for detail.[8] No mandatory rule is promulgated. There is therefore a solid foundation

6. This ruling, which was not considered by the Commission itself, was grounded on the provisions of the Federal Personnel Manual, *supra,* Part II, that "Normally an employee should be given a temporary promotion" for an overlong detail, as well as on the requirement that Commission approval be obtained for prolonged details.

7. *Testan* said: "[T]he federal employee is entitled to receive only the salary of the position to

which he was appointed, even though he may have performed the duties of another position or claims that he should have been placed in a higher grade." 424 U.S. at 406, 96 S.Ct. at 957.

8. Like the statute, the portion of the Manual concerning details (Subchapter 8) stresses the need to keep details as short as possible and under strict control.

for applying the settled rule that higher pay cannot be given to an employee (not actually promoted) whose appointment to that level is not *demanded* by law. The lower-level Commission position, accepted for a time by the General Accounting Office, was not correct.

B. Nor did appellant have an "appointment" at the higher grade. No documents are cited which could conceivably constitute such an "appointment," nor was he told that he was appointed to the higher grade. On the contrary, he knew that he was no more than detailed and (as he now says) complained about that detail. To find an "appointment" in the mere fact that he performed the work of the higher job would be to eradicate the existence of the controlling statute and the administrative provisions on employee details.

C. Another of appellant's arguments seems to be that the Back Pay Act, as amended in 1978, in itself authorizes recovery in this case. Those amendments (part of the Civil Service Reform Act of 1978, Pub.L. No. 95–454, ¶ 702, 92 Stat. 1111, 1216) defined "unjustified or unwarranted personnel action" as including "the omission or failure to take an action or confer a benefit." 5 U.S.C. § 5596(b) (1976). Mr. Spagnola suggests at one point that this addition covers the failure to promote him to the higher level—and, thus, that the Back Pay Act entitles him to such recovery.

The overall answer is that the Back Pay Act "is merely derivative in application; it is not itself a jurisdictional statute." *United States v. Connolly,* 716 F.2d 882, 887 (Fed.Cir.1983). Unless some other provision of law commands payment of money to the employee for the "unjustified or unwarranted personnel action," the Back Pay Act is inapplicable. *Ibid.* Here, there has been, as we have just shown, no such provision of law mandating payment of more money to the appellant, and the Back

Pay Act itself cannot fill that gap. Consistently with that understanding of the law, the 1978 amendment was *not* designed to provide payment for all actions which should or might well have been taken, but only for those payments or benefits which were *required* by law (a statute or regulation). The history of the change emphasizes this limited purpose. Previously, the Back Pay Act literally permitted recovery only when the employee incurred "a withdrawal or reduction" in pay, 5 U.S.C. § 5596(b) (1976)—thus omitting in words to blanket failures to make *additional* payments that were mandated by law, *e.g.,* a statutory periodic increase or a benefit conferred by a non-discretionary administrative regulation. For some years, the General Accounting Office authorized such payment for non-discretionary benefits (*see* 21 Comp.Gen. 369, 371 (1941); 54 Comp. Gen. 69, 70 (1974); 55 Comp.Gen. 42, 43 (1975)), and in 1977 the Civil Service Commission adopted regulations along the same line. 5 C.F.R. § 550.802(c) (1978); 42 Fed. Reg. 16127 (1977). The 1978 amendment to the Back Pay Act was specifically intended to incorporate that general administrative position into the Act—and no more. S.Rep. No. 969, 95th Cong., 2d Sess., at 114–15, *reprinted in* 1978 U.S.Code Cong. & Admin.News 2723, 2836–37.[9]

D. Appellant urges, finally, that on the *Wilson* view there would be no way to remedy an unlawful detail—the employee would simply have to suffer in silence. That is incorrect. Nothing prevents a declaratory judgment suit, or mandamus or injunction action, in a District Court to compel the agency to return the employee to work at his appointed level after the allowable period of a detail had ended. Nor is there any legal barrier to an administrative complaint to the agency or its Inspector General, or a grievance proceed-

9. In particular, the new amendment was plainly not intended to embody in the Back Pay Act the specific view that overlong temporary details entitle the employee, as a matter of law, to increased pay. That happened to be the position held at that moment in time by the GAO but it was not the Civil Service Commission's authoritative position. *See supra,* Part III, A. There is no indication that Congress intended to adopt that specific rule.

ing (if one is available).[10] It might also be lawful—we, of course, do not decide—for the Office of Personnel Management to adopt a specific regulation *requiring* agencies who retain such detailed employees beyond the designated time to give those employees temporary appointments at the higher level. The present law simply does not contain that requirement.

AFFIRMED.

---

**10.** The District Court said that appellant never challenged his detail, but appellant denies that that is so. We need not decide that factual issue in an appeal from the grant of a motion to dismiss the complaint (which is silent on this point).