**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, LOCAL 1923, Petitioner,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent.**

No. 85-1303.

United States Court of Appeals, District of Columbia Circuit.

Argued April 23, 1986.

Decided July 29, 1986.

William J. Stone, with whom Mark D. Roth, Washington, D.C., was on brief, for petitioner.

William E. Persina, Associate Sol., Federal Labor Relations Authority, with whom Ruth E. Peters, Sol., Steven A. Svartz, Deputy Sol., and Robert J. Englehart, Atty., Federal Labor Relations Authority, Washington, D.C., were on brief, for respondent.

Before SCALIA and SILBERMAN, Circuit Judges, and WRIGHT, Senior Circuit Judge.

Opinion for the court filed by Senior Circuit Judge J. SKELLY WRIGHT.

J. SKELLY WRIGHT, Senior Circuit Judge:

Local 1923 of the American Federation of Government Employees (AFGE) petitions for review of an order of the Federal Labor Relations Authority, *Health Care Financing Administration v. AFGE, Local 1923,* 17 FLRA No. 93 (1985), *reproduced in* Joint Appendix (JA) at 29–33. The Authority held that the Health Care Financing

Administration (HCFA) was not required to grant back pay and temporary promotions to employees who were assigned to higher rated positions for more than 120 days. We affirm.

## I. BACKGROUND

Federal law prohibits an agency from "detailing" (*i.e.*, temporarily reassigning) an employee for more than 120 days. 5 U.S.C. § 3341 (1982). Pursuant to this law, the Comptroller General held in 1975 that employees detailed to a higher classification for a longer period were entitled to temporary promotions with back pay. *Turner-Caldwell I*, 55 Comp.Gen. 539 (1975); *see also Turner-Caldwell II*, 56 Comp.Gen. 427 (1977). Beginning in 1978 the Department of Health and Human Services (HHS), including HCFA, adjusted its practices to comply with the rulings of the Comptroller General.

In 1981 the Court of Claims rejected the *Turner-Caldwell* approach. *Wilson v. United States*, 229 Ct.Cl. 510 (1981). It found that although federal law prohibits overlong details, neither Section 3341 nor the Back Pay Act, 5 U.S.C. § 5596 (1982), authorizes an action for back pay. "[O]nly a claim based on a statute, regulation, or constitutional provision which can be read to mandate money damages for the plaintiff is within our jurisdiction." 229 Ct.Cl. at 512–513.

The Comptroller General, while noting that he was not bound by the Court of Claims decision, chose to adopt its rationale. *Turner-Caldwell III*, 61 Comp.Gen. 408 (1982). The Comptroller General also ruled, however, that when an agency regulation or a provision in a collective bargaining agreement establishes the right to a temporary promotion, back pay should be awarded. *Beachley-Davis*, 61 Comp.Gen. 403 (1982). Such a "nondiscretionary agency policy * * * may provide the basis for backpay." *Id.* at 404.

HHS notified HCFA and other HHS component agencies in February 1982 that the Comptroller General was reconsidering his policy in light of the Court of Claims deci-

sion in *Wilson*. On May 25, 1982 the Comptroller General issued his decision in *Turner-Caldwell III*. Some time in June 1982 HCFA decided to change its own practices to conform to the new approach. In August 1982 HHS instructed its agencies, including HCFA, to comply with the dictates of *Turner-Caldwell III*. At no time was AFGE—the union for HCFA employees—informed of the change in policy.

Meanwhile, a "question concerning representation" had arisen under 5 U.S.C. § 7111(b) (1982), challenging AFGE's status as bargaining agent for HCFA employees. The matter was ultimately settled, but while such matters are pending it is an unfair labor practice under 5 U.S.C. § 7116(a)(1) & (5) (1982) for an agency to change conditions of employment unless those changes are "required consistent with the necessary functioning of the agency." *U.S. Dep't of Justice, I & NS*, 9 FLRA 253, 255 (1982), *rev'd in part*, 727 F.2d 481 (5th Cir.1984).

AFGE alleged that HCFA had committed such an unfair labor practice. FLRA rejected the union's argument, holding that "the decision in *Immigration and Naturalization Service * * ** is inapposite where management's change in practice is required by applicable law. In this regard, the Respondent's [HCFA] practice was based upon compliance with the decisions of the Comptroller General concerning retroactive temporary promotions." Decision and Order, April 22, 1985, 17 FLRA No. 93, at 4, JA 32. AFGE now petitions this court for review of the FLRA order.

## II. DISCUSSION

The FLRA "is entitled to considerable deference when it exercises its 'special function of applying the general provisions of the [statute] to the complexities' of federal labor relations." *Bureau of Alcohol, Tobacco & Firearms v. FLRA*, 464 U.S. 89, 97, 104 S.Ct. 439, 78 L.Ed.2d 195 (1983) (citations omitted). Its actions are to be upheld unless they are "arbitrary, capricious, an abuse of discretion, or otherwise

not in accordance with law." 5 U.S.C. § 706(2)(A) (1982).

The union argues that HCFA may not unilaterally change its policies unless they are contrary to law. The agency argues that its old policy (*i.e.*, granting temporary promotions) had become contrary to law, specifically the new ruling of the Comptroller General, *Turner-Caldwell III.* The union maintains that the Comptroller General's ruling did not prohibit temporary promotions, but merely ended a government-wide policy of granting them.

The flaw in the union's argument is that it ignores the rationale of the Comptroller General's opinion. The rationale of *Wilson* and *Turner-Caldwell III* is that no back pay can be awarded without some nondiscretionary provision that entitles the employee to receive it. Absent some such provision, the payment is prohibited. The fact than an agency *could* adopt such a provision—through regulation or collective bargaining agreement—does not change the fact that the agency is prohibited from paying the back pay if it has not actually adopted such a provision constraining its own discretion.

The union contends that HCFA/HHS *has* effectively adopted such a provision. Although there is no express provision in the labor contract allowing back pay, the union argues that there was an established practice to grant temporary promotions and that such a practice becomes a part of the collective bargaining agreement. "[F]or purposes of the Back Pay Act an established past practice * * * is just as much a part of the collective bargaining agreement as its actual written provisions." *Council of District Office Locals, AFGE, San Francisco Region,* 5 FLRA 759, 760 (1981) (footnote omitted).

We need not consider whether a practice firmly established by an individual agency but never memorialized in writing is sufficient to form the basis of a back pay award. HCFA never had any practice regarding temporary promotions except the practice of complying with the government-wide instructions of the Comptroller. If this were enough to justify awards of back pay, then *Turner-Caldwell III* would be without practical effect; every agency that followed *Turner-Caldwell I & II* would be exempt from it. The "agency policy" that existed, in other words, was not the policy of awarding temporary promotions and back pay, but the policy of conforming with the Comptroller General's rulings. That policy formerly supported the awarding of temporary promotions and back pay, but no longer does so.

The FLRA properly held that the law, as interpreted by the Court of Claims and the Comptroller General, is that no back pay can be awarded without some legal basis. The only legal basis that ever existed for awarding back pay to HCFA employees was the agency's determination to comply with the Comptroller General's ruling in *Turner-Caldwell I & II.*\* When that ruling was altered, the entitlement to back pay disappeared. HCFA's decision to stop awarding back pay was therefore required by applicable law, and was permissible notwithstanding the question concerning representation.

Although HCFA had the authority to conform its practice to the new temporary promotion policy mandated by the Comptroller General, it might still have been required to bargain with the union about that new policy or its implementation and effect. The FLRA refused to consider this argument, however, because it was not specifically alleged in the general counsel's

---

\* We need not determine whether the FLRA was required to defer to the legal interpretations of the Comptroller General. It is at least unquestionable that it could *properly* do so in embracing *Turner-Caldwell III.* That ruling was "consistent with the views of the Office of Personnel Management [successor of the Civil Service Commission] and the Department of Justice,"

*Turner-Caldwell III,* 61 Comp.Gen. 408, 410 (1982), as well as the Court of Claims decision in *Wilson.* Moreover, the Federal Circuit had recently reaffirmed this approach. *Spagnola v. Stockman,* 732 F.2d 908 (Fed.Cir.1984). We will not question FLRA's decision to bow to the weight of this combined authority.

complaint on behalf of the union. Only those violations alleged in the complaint must be decided by the FLRA. *Cf. Int'l Brotherhood of Teamsters v. NLRB*, 435 F.2d 416, 417 (D.C.Cir.1970) (*per curiam*).

The entire thrust of the unfair labor practice complaint filed before the FLRA is directed to the change in working conditions during the question concerning representation. It sets out the past practice regarding back pay, the change in that practice, and the pendency of the representation question at the time of that change. It goes on to allege that the change was not "required consistent with the necessary functioning of the agency"—language that precisely tracks the Authority's standard for changes effected while a question concerning representation is pending. *See U.S. Dep't of Justice, I & NS v. FLRA, supra,* 9 FLRA at 255 n. 2.

Paragraph 11 of the complaint alleges that the union was never notified of HCFA's change in policy concerning back pay and temporary promotions. The union now contends that this constitutes an allegation of a refusal to bargain. The union's broad construction of the complaint may be colorable, but the Authority's narrower construction is by no means arbitrary or capricious.

The union also notes that the complaint alleges a violation of 5 U.S.C. § 7116(a)(5) (1982), which makes failure to bargain an unfair labor practice. But that section is customarily cited when a union alleges that an agency changed working conditions while a question concerning representation was pending, and does not necessarily imply an independent allegation of failure to bargain. *See U.S. Dep't of Justice, I & NS v. FLRA, supra,* 9 FLRA at 255.

The general counsel's complaint did not clearly raise the failure-to-bargain issue, and thus we affirm the Authority's holding that this issue was waived.

### III.  CONCLUSION

The FLRA's ruling that HFCA did not commit an unfair labor practice was not arbitrary, capricious, an abuse of discre-

tion, or otherwise not in accordance with law. Therefore it is

*Affirmed.*

