NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3291

JAMES M. HILL,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

James M. Hill, of Homestead, Florida, pro se.

Kenneth S. Kessler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeanne E. Davidson, Director, and Mark A. Melnick, Assistant Director.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3291

JAMES M. HILL,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0752071020-I-1.

_____

DECIDED:    February 9, 2009

_____

Before RADER, BRYSON, And DYK, Circuit Judges.

PER CURIAM.

Petitioner James M. Hill ("Hill") petitions for review of a final decision of the Merit Systems Protection Board ("Board") affirming Hill's nondisciplinary removal from his civilian Air Reserve Technician position with the Air Force ("Agency").  Hill v. Dep't of the Air Force, No. AT-0752-07-1020-I-1 (M.S.P.B. May 12, 2008).  We affirm.

BACKGROUND

Certain civilian positions in the military departments must be filled by individuals who are members of the active reserves.  Such civilian jobs in the Air Force are known as Air Reserve Technician ("ART") positions.  Jeffries v. Dep't of the Air Force, 999 F.2d 529, 530 (Fed. Cir. 1993).  Although they are full-time civilian employees, ARTs are also members of the Air Force Reserve unit in which they are employed and are assigned to

equivalent positions in the reserve organization with a military rank or grade.  Id.  "An ART plays a vital role in combat readiness by training other reservists and serving as a mobilization asset when the unit is mobilized."  Id.

Hill served as an ART in an Aircraft Overhaul Supervisor position at Homestead Air Reserve Base in Florida.  As required by the conditions of his employment in that ART position, Hill served as a Chief Master Sergeant (enlisted grade E-9) in the Air Force Reserve.  In early 2006, Hill was detailed to the position of Aircraft Overhaul Inspector Supervisor, in which capacity he served until August 2007.

On July 12, 2007, the Agency provided Hill with a "Notice of Proposed Removal (Non-Disciplinary)."  The notice stated that under Agency regulations, Hill would mandatorily lose membership in the active reserves upon reaching his "High Year of Tenure" on August 28, 2007.[1]  The notice further stated that at that time Hill would be removed from his civilian position with the Agency.  The notice emphasized that the proposed removal was not disciplinary, but rather "a feature of the ART program and is based on the fact that active membership in the Reserve is a condition of your employment and necessary to promote the efficiency of the service."

Hill objected in writing to the proposed notice on August 2, 2007.  First, he argued that in 2006 he had been permanently reassigned, not detailed, to the Aircraft Overhaul Inspector Supervisor position, as his "detail" had lasted over 120 days.  Hill

---

[1]     According to an Air Force fact sheet, the "enlisted high year tenure program limits participation in the Air Force Reserve to a total of 33 years creditable service based upon established pay date, or age 60, whichever occurs first," in order to ensure combat readiness and to ensure promotion opportunity for lower-graded enlisted airmen.  Air Reserve Personnel Center, "Enlisted High Year Tenure," available at http://www.arpc.afrc.af.mil/library/factsheets/factsheet.asp?id=8238.

contended that the reassignment effectively de-linked his military and civilian positions, making the new position he occupied a non-dual status (purely civilian) position that did not require active reserve membership as a condition of employment. Second, he argued that the Agency inconsistently enforced its High Year of Tenure policy.

On August 21, 2007, the Agency confirmed its decision to remove Hill from his civilian position. Hill chose to retire, effective August 28, 2007, in lieu of involuntary removal. Both parties agree that his retirement was involuntary if the removal was improper. On September 20, 2007, Hill appealed his effective removal to the Board, raising substantially the same objections as in his response to the notice of proposed removal and seeking reinstatement to his civilian position.

In a prehearing conference before a Board administrative judge ("AJ"), Hill stipulated that the Aircraft Overhaul Supervisor position to which he was originally assigned was an ART position. He also stipulated that "[t]he Aircraft Overhaul Inspector Supervisor (Quality Assurance) position was an ART position," although he continued to contend that he was in effect permanently transferred to that position in a purely civilian capacity, rather than detailed to it as an ART. Finally, Hill stipulated that he lost his ART status upon reaching his High Year of Tenure. After the AJ stated that a hearing consequently would be limited to the question of "Whether the agency properly removed the appellant for loss of his required ART status," Hill waived a hearing.

The AJ issued his initial decision on January 14, 2008. While acknowledging Hill's claim that the Agency had not consistently enforced its rule mandating separation of ART employees who lose membership in the active reserves, the AJ held that military determinations concerning active reserve status were not subject to review by the

Board. With regard to Hill's own removal, the AJ noted that Hill had stipulated that both his original and detailed civilian positions were ART positions requiring active reserve status as a condition for employment and that he had lost ART eligibility when removed from the active reserves upon reaching his High Year of Tenure. Because Air Force Reserve Command Instruction 36-114 requires removal from an ART position of an employee who is no longer a member of the active reserves, the AJ affirmed the agency action.

The initial decision became the Board's final decision on May 12, 2008, when the full Board denied Hill's petition for review. Hill timely petitioned this court for review, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm a decision of the Board unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); Leatherbury v. Dep't of the Army, 524 F.3d 1293, 1299-1300 (Fed. Cir. 2008).

Air Force Reserve Command Instruction ("AFRCI") 36-114 § 3.2 provides, in relevant part, that "ART enlisted members who lose active membership in the Reserve due to reaching their reserve [High Year of Tenure] date face mandatory removal from their ART position. This program helps to ensure military mission capability." On appeal, Hill does not dispute that the position of Aircraft Overhaul Supervisor was an ART position requiring active reserve membership, or that he lost active reserve

membership upon reaching his High Year of Tenure.[2]  Instead, Hill argues that he was unlawfully detailed for more than 120 days to the position of Aircraft Overhaul Inspector Supervisor, effecting in his view an "unlawful permanent transfer between civilian positions by the Agency" that "de-linked" his civilian and Reserve positions. Consequently, Hill contends that in the new position he "no longer served as an ART" but was purely a civilian employee who was not required to maintain active reserve status as a condition of employment.

This argument is not persuasive.  Even if improperly detailed within the Agency to the Aircraft Overhaul Inspector Supervisor position, under Hill's own theory he cannot complain that he was improperly separated from his position.  We have held that an improperly detailed employee "is entitled only to the rights and salary of the position to which he has <u>actually</u> been appointed by one having the authority to do so." Wilson v. United States, 229 Ct. Cl. 510, 511 (1981) (emphasis added); see also Spagnola v. Stockman, 732 F.2d 908, 910 (Fed. Cir. 1984).  Being improperly detailed is not the same as being properly appointed.  There is no evidence that Hill was actually permanently appointed to the Aircraft Overhaul Inspector Supervisor position.

Hill additionally contends that the Board erred in not allowing discovery concerning his claims that the Agency "had treated other ARTs in a fundamentally disparate manner" by permitting them to continue to work despite a loss of active

---

[2]      In his briefing, Hill addresses the question of whether his loss of active reserve status should be treated as "voluntary" or "involuntary," as those terms are defined by AFRCI 36-114 §§ 3.3 and 3.4.  That question is not before us, however, because removal based upon loss of active reserve status upon reaching High Year of Tenure is specifically governed by § 3.2 of the regulation, rather than by the separate provisions addressing removal based upon "voluntary" and "involuntary" loss of reserve status.

reserve membership.  Regardless of the treatment of other individuals, however, AFRCI 36-114 § 3.2 requires that "enlisted members who lose active membership in the Reserve due to reaching their reserve [High Year of Tenure] date face <u>mandatory removal</u> from their ART position."  (Emphasis added).  Because the Agency was required by regulation to remove Hill from his ART position, the Board did not err in declining to consider the circumstances of other individuals.

Hill similarly complains that the Board erred in failing to allow evidence that he was not properly placed in the Agency's priority placement program for separated ARTs before his removal.  Even if Hill was not properly placed in the priority placement program before his removal date, AFRCI 36-114 § 4.2 expressly provides that "failure to be registered [in the priority placement program] will not extend the date of separation. Separation is effected on the [High Year of Tenure] date regardless of the length of registration."  The alleged failure to place Hill in the priority placement program therefore did not affect his removal, and is not itself an adverse action appealable to the Board.

Finally, Hill contends that he was not accorded due process in connection with his removal.  This argument is without merit.  The record indicates that Hill was apprised of the basis of the proposed removal and advised of his right to respond, which he then exercised.

Accordingly, the decision of the Board is <u>affirmed</u>.

COSTS

No costs.