# United States Court of Appeals for the Federal Circuit

DEWAYNE F. ADAMS, BRIAN S. ALSBAUGH,
DAVID W. BROTHERS, JEREMY S. BUCHANAN,
GEORGE D. BULLOCK, WILLIAM G. CLARE,
DENNIS M. COCHRAN, KEVIN M. COTTER,
JONATHAN DIGUGLIELMO, SCOTT P. DOMBO,
MICHELANGELO M. DOTIMAS, KEVIN R.
DZIEGIEL, REYES C. FIGUEROA, OWEN
HAMMETT, TODD A. HILL, KYLE JAEGER,
WAYNE S. JANES, ROGER N. KAMMERDEINER, II,
JEFFREY H. KEYSER, ADAM LINDER, RICKEY L.
MILLER, CHARLES S. NEWSOME, RICARDO A.
PHANG, TRAVIS J. PIRKL, SEAN PATRICK
CONROY, CHRISTOPHER COOPER, TOM W. DE
ARMOND, REYNALDO J. GARCIA, ERIC S. HOOKS,
KENNETH L. JEWELL, TIMOTHY J. KEENER,
STEVEN K. KOSCIUSKO, JOHN E. KRAWIEC,
RAYMOND E. LONG, MICHAEL LORKIEWICZ,
JEFFREY S. PATTON, MICHAEL J. REYNOLDS,
JOHN P. SANTOS, STEVEN L. SHAMON, LOREN A.
SHARP, CONSTANTINE C. SIDERIS, ANDREW J.
TURCOTTE, HECTOR A. VEGA, MYRON C. WADE,
LARRY W. WARLITNER, STEVEN J. WILLIAMS,
JOHN D. WILLS, KRISTIN WILSON, DONALD P.
WISNIEWSKI, JOEL G. WOOD,
*Plaintiffs-Appellants*

v.

**UNITED STATES,**
*Defendant-Appellee*

2016-2361

_____

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00069-EDK, Judge Elaine Kaplan.

_____

Decided: June 29, 2017

_____

RYAN EDWARD GRIFFIN, James & Hoffman, PC, Washington, DC, argued for plaintiffs-appellants. Also represented by EDGAR N. JAMES; LINDA LIPSETT, JULES BERNSTEIN, Bernstein & Lipsett, P.C., Washington, DC.

TARA K. HOGAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., REGINALD T. BLADES, JR., HILLARY STERN.

_____

Before PROST, *Chief Judge,* O'MALLEY and WALLACH, *Circuit Judges.*

PROST, *Chief Judge.*

Plaintiffs-Appellants, Dewayne F. Adams et al. (collectively, "Appellants"), appeal from the order of the United States Court of Federal Claims ("Claims Court") granting the government's partial motion to dismiss pursuant to Court of Federal Claims Rule 12(b)(1) for lack of subject matter jurisdiction. For the reasons set forth in the thorough and well-reasoned opinion of the Claims Court, we affirm.

Appellants are current and former employees of the United States Secret Service. *Adams v. United States*, 125 Fed. Cl. 608, 609 (2016). They alleged that, as a

result of new practices, the government denied them the two consecutive days off from work to which they were statutorily entitled under 5 U.S.C. § 6101(a)(3)(B).[1] The Claims Court concluded that it was without jurisdiction because this provision is not "money-mandating."

On appeal, Appellants first argue that § 6101(a)(3)(B)'s scheduling mandate constitutes a money mandate because it entitles employees to work, and thus receive compensation for such work. The Claims Court concluded that this subsection is not money-mandating because it only concerns work scheduling practices and does not address employees' entitlement to pay. *Id.* at 611. We agree with the Claims Court. "At most," the court properly concluded, § 6101(a)(3)(B) entitles employees to "have their basic 40-hour workweek scheduled in a particular fashion . . . . But whether Plaintiffs' basic 40-hour workweek is Monday through Friday with Saturday and Sunday off, or Monday through Saturday with Wednesday and Sunday off, does not—in and of itself—affect employees' statutory entitlement to pay." *Id.* There is "no statutory entitlement," the court continued, "to be paid [a] regular salary on a day [employees] do not work (such as on a mid-week flex day). Nor do they have any statutory entitlement to receive overtime pay for Saturday if they do not put in overtime hours on Saturday." *Id.* at 612.

Appellants also argue that, even if § 6101(a)(3)(B) alone does not mandate the payment of money damages, the Back Pay Act establishes a money mandate with respect to their § 6101 claim. As the Claims Court correctly explained, we "ha[ve] made clear, [u]nless some

---

[1]    The Claims Court, in its opinion, discussed both §§ 6101(a)(3)(A) and (a)(3)(B). *Adams*, 125 Fed. Cl. at 611. On appeal, however, Appellants argue only that § 6101(a)(3)(B) is money-mandating.

other provision of law commands payment of money to the employee for the unjustified or unwarranted personnel action, the Back Pay Act is inapplicable." *Id.* (internal quotation marks omitted) (quoting *Spagnola v. Stockman*, 732 F.2d 908, 912 (Fed. Cir. 1984)). Because § 6101(a)(3)(B) does not "'command[] payment of money to the employee,'" nor is it "reasonably amenable to the reading that it mandates a right to money damages," violations of the subsection do not implicate the remedies prescribed in the Back Pay Act. *Id.* at 613. "Thus," the court properly concluded, "the Back Pay Act cannot supply this Court with jurisdiction." *Id.*

In sum, for the reasons it articulated, the Claims Court lacked jurisdiction and properly granted the government's partial motion to dismiss.

**AFFIRMED**