**Loretta S. PARKER, Plaintiff,**

v.

**James BURNLEY, Secretary, United States Department of Transportation, and T. Allan McArtor, Administrator, United States Federal Aviation Administration, Defendants.**

No. 1:87–CV–692–RHH.

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 21, 1988.

Dana E. McDonal, Atlanta, Ga., for plaintiff.

James Randolph Schulz, U.S. Atty. Office, Atlanta, Ga., for Burnley.

James T. Langford, Atlanta, Ga., for State Bar of Ga.

Mary Ann B. Oakley, Elizabeth Joan Appley, William Patrick Smith, III, William Francis Ford, Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

This case is before the court on defendant's motion for reconsideration of the court's order of July 12, 1988, on the plaintiff's motion for correction of clerical error in judgment, and on plaintiff's motion for award of attorneys fees.[1]

In this court's order of July 14, 1988, 693 F.Supp. 1138, the court found that the plaintiff's rights under the Equal Pay Act, 29 U.S.C. § 206(d), and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a)(1), had been violated and that she was entitled to "make whole" relief. The court also found that the defendants had acted willfully within the meaning of the Equal Pay Act and awarded liquidated damages to the plaintiff. In paragraphs 31 and 32 of that order we awarded, inter alia, back pay, and

1. The facts in the case are set out fully in the

interest on back pay pursuant to the Back Pay Act, 5 U.S.C. § 5596, and liquidated damages in an amount equal to back pay plus interest pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

Defendants have asked the court to reconsider its award of liquidated damages in an amount equal to back pay plus interest. The government asks that the court eliminate from the liquidated damages award prejudgment interest on back pay. The judgment which was entered on July 21, 1988 omitted reference to the award of liquidated damages. Plaintiffs have moved for a correction of this clerical error in the judgment.

Upon further consideration, the court finds that plaintiff is entitled to back pay and to prejudgment interest, however, we find that in order to avoid a double recovery the court will reduce the award of liquidated damages. Liquidated damages are awarded in the amount of back pay reduced by the amount of interest awarded.

## DISCUSSION

### Liquidated Damages and Prejudgment Interest

The liquidated damages provision of § 216(b) is compensatory in nature. 42 U.S.C. § 216(b); *Lindsey v. American Cast Iron Pipe Co.*, 810 F.2d 1094 (11th Cir.1987). Though the Eleventh Circuit has allowed plaintiffs bringing suit under the Age Discrimination in Employment Act ("ADEA") to recover both prejudgment interest and the full amount of liquidated damages, the court specifically has noted the difference between the recovery provisions of the FLSA and the ADEA, intimating that recovery of both under the FLSA would result in double compensation for the plaintiff:

Liquidated damages under the ADEA are different in kind from those available under the FLSA. ADEA liquidated damages awards punish and deter violators, while FLSA liquidated damages merely compensate for damages that would be difficult to calculate. Therefore, award-

court's order of July 12, 1988.

ing both prejudgment interest and liquidated damages in an ADEA case does not constitute double compensation. *Lindsey,* 810 F.2d 1094 (11th Cir.1987).

In the 1944 case of *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296 (1945), the Supreme Court held that prejudgment interest was not available under the FLSA and discussed the various purposes of liquidated damages and interest on back pay:

> Interest is not recoverable in judgments obtained under § 16(b) [29 U.S.C. § 216(b)]. As was noted in our decision in *Overnight Motor Transp. Co. v. Missel* [316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942)], § 16(b) authorizes the recovery of liquidated damages as compensation for delay in payment of sums due under the Act. Since Congress has seen fit to fix the sums recoverable for delay, it is inconsistent with Congressional intent to grant recovery of interest on such sums in view of the fact that interest is customarily allowed as compensation for delay in payment. To allow an employee to recover the basic statutory wage and liquidated damage, with interest, would have the effect of giving an employee double compensation for damages arising from the delay in payment of basic minimum wages. [citation omitted] Allowance of interest on minimum wages and liquidated damages recoverable under § 16(b) tends to produce the undesirable result of allowing interest on interest.

324 U.S. at 715, 65 S.Ct. at 906.

The Portal–to–Portal Pay Act of 1947 reversed the holding in *Brooklyn Bank* which mandated liquidated damages in all cases where the employer had violated the FLSA, and made the award of liquidated damages discretionary. Since the Portal–to–Portal Pay Act courts have often awarded interest in a FLSA action where in their discretion they did not award liquidated damages. However, we think that *Brooklyn Bank* is still controlling where the maximum amount of liquidated damages is given. The purpose of the damage provisions of the FLSA and the Back Pay Act is to make whole an employee whose rights have been violated. The Supreme Court in *Brooklyn Bank* ascertained that Congress by fixing an amount for liquidated damages—total unpaid wages—defined the damages recoverable for delay in payment of wages. An award of both liquidated damages and prejudgment interest, therefore, would amount to compensating the plaintiff twice for that delay.

■ Under the newly amended Back Pay Act, the court is required to award prejudgment interest. 5 U.S.C. § 5596(b)(1)(A). The court has found no cases which discuss how the amendments to the Back Pay Act affect the award of liquidated damages under the FLSA. However, those circuits which have addressed the propriety of awarding prejudgment interest as well as the full amount of liquidated damages under the FLSA have held that the plaintiff may not recover the full amount of both. *Hodgson v. Miller Brewing Co.,* 457 F.2d 221 (7th Cir.1972) (Equal Pay Act plaintiff could not recover interest as well as liquidated damages); *Doty v. Elias,* 733 F.2d 720, 726 (10th Cir.1984); *Lopez v. Rodriguez,* 668 F.2d 1376, 1381 (D.C.Cir.1981);[2] *Spagnuolo v. Whirlpool Corp.,* 641 F.2d 1109, 1114 (4th Cir.1981), *cert. denied,* 454 U.S. 860, 102 S.Ct. 316, 70 L.Ed.2d 158 (1981).

Therefore, the court finds it appropriate to reduce the liquidated damages award by an amount equal to that which the court awarded as prejudgment interest.

*Attorney's Fees*

In the court's Findings of Fact and Conclusions of Law of July 12, 1988, the court awarded the plaintiff's reasonable costs and attorney's fees. The plaintiff has submitted a memorandum in support of attorney's fees and costs in the amount of $73,-605.00.

The defendants have opposed the motion on only three grounds: 1) plaintiff's attorney should not be compensated for time

---

**2.** In *Laffey v. Northwest Airlines,* 740 F.2d 1071 (D.C.Cir.1984), the D.C.Circuit affirmed a district court's award of both prejudgment interest and liquidated damages. However, the court did not discuss the issue of double recovery and did not cite *Doty v. Elias.*

spent litigating at the administrative level at the same hourly rate as he receives for the rest of the case, 2) plaintiff's attorney should not be compensated at his current billing rate for work done while he billed at lower rates, and 3) plaintiff's attorney should not be compensated for time spent litigating the "Chicago issue" because plaintiff did not obtain the relief sought on that issue. The court finds the defendant's objections without merit and awards the plaintiff attorney's fees in the amount requested.

■ It is within the courts discretion to award a flat fee for all the time a particular lawyer expends in a certain case regardless of the level it is litigated on or the activity involved. *Berberena v. Coler,* 753 F.2d 629, 632 (7th Cir.1985), *accord, Miller v. Carson,* 563 F.2d 741 (5th Cir.1977). Furthermore, the government has presented no evidence as to what other rate should apply to work done at the administrative level. The court finds that a fee of $150 an hour is reasonable for all the time expended in pursuing the plaintiff's claims.

■ The Eleventh Circuit has recently addressed the issue of how to award attorney's fees in a case that might have spanned several increases in the market rate for attorney's fee. *Norman v. Housing Authority of Montgomery,* 836 F.2d 1292 (11th Cir.1988). Under the *Norman* decision, current rates are generally applied to all time:

> In this circuit, the court should take into account the time value of money and the effects of inflation and generally award compensation at current rates rather than historic rates.

836 F.2d at 1302. The government cites no reason why the *Norman* rule should not apply, consequently the attorney's current rate will be applied to all time expended.

■ The government's final objection is to the plaintiff's request in the fee petition for time incurred in pursuing the claim that the defendant violated the Equal Pay Act by paying her less than the men she said were her counterparts in Chicago. The Eleventh Circuit has set out the criteria for awarding fees on an unsuccessful claim:

> [I]f the unsuccessful and the successful claims 'involve a common core of facts' or are 'based on related legal theories' the court must compare the plaintiff's overall relief with the number of hours reasonably expended on the litigation. [citation omitted]. If the plaintiff obtained excellent results he should be fully compensated ... That decision rests in the discretion of the district court.

*Popham v. City of Kennesaw,* 820 F.2d 1570 (11th Cir.1987). Plaintiffs asserted two Equal Pay Act claims which were bound up together and involved related legal theories. Defendant's reliance on *Avila v. Coca-Cola Co.,* 849 F.2d 511 (11th Cir.1988) is misplaced. In Avila defendant was seeking relief on two completely separate statutory grounds and prevailed on only one. The court stated that "the relief Avila obtained due to his success on the retaliation claim was of a different nature and considerably less than the relief he would have obtained had he succeeded on the national origins claim as well." Plaintiff's claim for GS–13 salary was substantially similar to her claim for a GS–12 salary. Though Plaintiff failed to establish that the position she held was substantially equivalent to the Chicago positions, the court held that technically plaintiff had proven a violation of the Classification Act and the Administrative Procedures Act because the Government failed to compare her job with those positions. Order of July 12, 1988: Conclusions of Law 18, footnote 5. The court finds that the plaintiff's claims involved a common core of facts, and plaintiff's lawyer obtained "excellent" results and is entitled to full compensation.

## CONCLUSION

For the above stated reasons paragraph 32 of this court's order of July 12, 1988 is modified as follows. The last sentence of paragraph 32, page 37 should read:

> Accordingly, the Plaintiff is entitled to liquidated damages in an amount equal to back pay minus an amount equal to the interest awarded in paragraph 31 under the Back Pay Act.

The clerk is DIRECTED to amend the judgment entered July 21, 1988 to reflect this change in the award.

Plaintiff's request for Attorney's fees and costs in the amount of $73,605.00 is GRANTED.

So ORDERED.