**Teresa SMITH, Plaintiff,**

v.

**Nicholas BRADY, Secretary of the Treasury; Internal Revenue Service; Lawrence Gibbs, Commissioner of Internal Revenue; Frank Miceli, San Francisco District Director of the Internal Revenue Service, Defendants.**

**No. C–89–1535 FMS.**

United States District Court,
N.D. California.

Aug. 8, 1990.

Priscilla Winslow, Martin Fassler, Winslow & Fassler, Oakland, Cal., for plaintiff.

Stephen L. Schirle and Mark St. Angelo, Chief, Civil Div., Asst. U.S. Atty., San Francisco, Cal., for defendants.

## ORDER GRANTING SUMMARY JUDGMENT

FERN M. SMITH, District Judge.

This is an action for a declaratory judgment on the issue of whether the waiver of the United States' sovereign immunity from interest on back pay awards, contained in the Back Pay Act, 5 U.S.C. § 5596, applies to actions filed under Title VII. The matter came before the Court for hearing on the parties' cross motions for summary judgment on June 27, 1990. For the reasons discussed herein, the Court hereby grants summary judgment in favor of the plaintiff.

## FACTS

In 1977, the plaintiff filed a claim of race and sex discrimination against her employer, the Internal Revenue Service ("IRS"), alleging that she had been denied a step promotion that she was due to receive. She pursued her claim through the internal Equal Employment Opportunity ("EEO") channels of the IRS. In 1980, shortly before her claim was to be heard by an EEO hearing officer, the plaintiff was offered a

settlement by the IRS. The agency offered her the promotion, but informed her in writing that, under the applicable law and regulations of the agency, she was not entitled to a retroactive promotion for the three years that her action had been pending. Relying on this representation, the plaintiff accepted the terms of the settlement.

Seven years later in April of 1987, the plaintiff learned that the IRS's representation about the availability of a retroactive promotion had been patently false. In fact, retroactive promotions were available under the IRS's own regulations. In June of 1987, the plaintiff filed a second EEO complaint against the IRS alleging that she had been deliberately misled as part of a pattern of on-going discrimination in the agency. She requested promotional back pay for the period between 1977 and 1980, plus interest.

At some point in late 1987, the IRS offered the plaintiff the requested back pay without interest. She rejected the offer, claiming that she was entitled to interest on the back pay award. The IRS then dismissed her claim for lack of prosecution. In March of 1988, the Equal Employment Opportunity Commission ("EEOC") Office of Review and Appeals affirmed the IRS's dismissal of the plaintiff's claim on the grounds that she had been offered full and complete relief and had rejected the settlement offer. *See,* 29 C.F.R. § 1613(a)(7) (1987).

In April of 1988, the plaintiff requested that the EEOC reconsider her claim in light of the December 22, 1987 amendment to the Back Pay Act, which provides that any back pay awarded to a federal employee under the provisions of the Back Pay Act be payable with interest. *See,* 5 U.S.C. § 5596(b). The EEOC issued an opinion on July 11, 1988 granting the plaintiff's request for reconsideration. In its opinion, the EEOC agreed with the plaintiff that she had not been offered full relief by the terms of the IRS settlement offer because she was entitled to interest on her back pay award under the new amendment to the Back Pay Act.

In January of 1989, the IRS tendered a settlement offer to the plaintiff that included all requested back pay and interest. On March 6, 1989, before the plaintiff had accepted the settlement, the IRS withdrew the offer, stating that it had received a directive from the Department of the Treasury that it could not pay interest on any back pay awards to EEO claimants. Documents submitted by the plaintiff in support of this motion indicate that the Department of the Treasury ("DOT") has taken the position that the amendment to the Back Pay Act does not constitute a waiver of sovereign immunity from the payment of interest on back pay awards received in actions filed under the anti-discrimination statutes, including Title VII. In keeping with this position, the DOT has informed its agencies that settlement agreements may not provide for monetary awards that would exceed the amount of back pay, without interest, to which the claimant would be entitled if granted full relief. Although the DOT acknowledges that the EEOC is now awarding interest on back pay, pursuant to the 1987 amendment to the Back Pay Act, the DOT has told its agencies to disregard any award of interest.

Faced with a clear statement by the IRS and DOT that she will not be paid interest on her back pay award, even if interest is awarded by the EEOC, the plaintiff filed this action in May of 1989 against the DOT, the IRS, and officials therein. She seeks a declaration by this Court that the amendment to the Back Pay Act, authorizing federal agencies to pay interest on back pay awards, applies to Title VII actions. This is the only issue in the case and it is now before the Court on the parties' cross motions for summary judgment.

## ANALYSIS

I. Waiver of Sovereign Immunity.

■ The United States is immune from suit unless it consents to be sued and waives its sovereign immunity. *Library of Congress v. Shaw,* 478 U.S. 310, 315, 106 S.Ct. 2957, 2962, 92 L.Ed.2d 250 (1986); *United States v. Testan,* 424 U.S. 392, 96

S.Ct. 948, 47 L.Ed.2d 114 (1976). In Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16, Congress waived the United States' immunity from suit for employment discrimination based on race, color, religion, sex, or national origin. The statute provides that any victim of such discrimination may be awarded hiring, reinstatement, back pay, or other appropriate remedy. 42 U.S.C. § 2000e–16(b). The statute did not, however, waive the United States' traditional immunity from payment of interest. *Library of Congress v. Shaw,* 478 U.S. 310, 323, 106 S.Ct. 2957, 2966, 92 L.Ed.2d 250 (1986). Prior to 1987, therefore, there was no authority in the law for requiring the United States to pay interest on a back pay award. The issue presented by this case is whether the 1987 amendment to the Back Pay Act constituted an express waiver of the United States' immunity from interest on back pay awarded in Title VII actions.

### A. The Back Pay Act.

The Back Pay Act is part of Title V, which sets forth laws applicable to the organization of the federal government and its employees. It provides, in relevant part, as follows:

> (b)(1) An employee of an agency who, on the basis of a timely appeal or an administrative determination (including a decision relating to an unfair labor practice or a grievance) is found by *an appropriate authority under applicable law,* rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee—
>
> > (A) is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect—
> >
> > > (i) an amount equal to all or any part of the pay, allowances or differentials, as applicable, which the employee normally would have earned or received during the period if the personnel action had not occurred, ...

5 U.S.C. § 5596 (emphasis added). By its own terms, the statute does not create an independent cause of action. Rather, it authorizes the payment of back pay to any employee who is found "by an appropriate authority under applicable law" to have suffered an unwarranted personnel action, and describes the manner in which the back pay shall be calculated. In 1987, the Back Pay Act was amended to provide that any amount payable under the statute be payable with interest. 5 U.S.C. § 5596(b)(2).

The original version of the Back Pay Act was enacted in 1966. There is no direct reference to Title VII, or to any other anti-discrimination statute, in the Back Pay Act. This is to be expected; the portion of Title VII that allows suits against the federal government was not included in the original Civil Rights Act of 1964. It was added as part of the Equal Employment Opportunity Act of 1972, 86 Stat. 103, 42 U.S.C. § 2000e–16. Nor is there any reference to the Back Pay Act within the Title VII statute. There are, however, cross-references to the Equal Employment Opportunity Commission and the Back Pay Act within the Code of Federal Regulations.

The regulations implementing the Back Pay Act are issued by the Office of Personnel Management and are found at 5 C.F.R. § 550.801 *et seq.* (1990). Those regulations define an "appropriate authority" for purposes of the statute as "an entity having authority in the case at hand to correct or direct the correction of an unjustified or unwarranted personnel action, including (a) a court, (b) the Comptroller General of the United States, (c) the Office of Personnel Management, (d) the Merit Systems Protection Board, (e) *the Equal Employment Opportunity Commission,* ..." 5 C.F.R. § 550.803 (emphasis added). "An unjustified or unwarranted personnel action" is defined as "an act of commission or an act of omission (i.e. failure to take an action or confer a benefit) that an appropriate authority subsequently determines, on the basis of substantive or procedural defects, to have been unjustified or unwarranted under applicable law, ..." *Id.* The regulations also provide that the requirement of a

"timely appeal" set forth in the statute is satisfied when "an employee or an employee's personal representative initiates an appeal or grievance under an appeal or grievance system, including ... a discrimination complaint; ..." 5 C.F.R. § 550.804(b). Because the sole function of the Equal Employment Opportunity Commission is to enforce the provisions of Title VII, *see*, 42 U.S.C. §§ 2000e–4, 2000e–5, the references to the EEOC and to discrimination complaints contained in the Back Pay Act regulations indicate that the Office of Personnel Management operates under the belief that the provisions of the Back Pay Act apply to actions filed under Title VII.

The Equal Employment Opportunity Commission also appears to operate under this assumption. In specifying what remedial actions are appropriate upon a finding of discrimination, the regulations of the EEOC refer, on at least three separate occasions, to back pay "computed in the same manner prescribed by 5 C.F.R. § 550.805," (the regulations of the Back Pay Act, discussed *supra*). *See*, 29 C.F.R. § 1613.271(b)(1), (c)(1). The EEOC, therefore, calculates back pay awards according to the provisions and regulations of the Back Pay Act.

These regulations were in effect, and had been in effect for several years, when Congress amended the Back Pay Act in 1987. Although there is virtually no legislative history for the amendment, this Court must assume that, at the time the amendment was enacted, Congress was aware of the statutory and regulatory provisions of the Back Pay Act and of the fact that the EEOC awards back pay according to its provisions. Indeed, since the effective date of the amendment, the EEOC has been granting interest on back pay awards pursuant to those provisions.

In light of this statutory and regulatory framework, the Court concludes that the Congress intended the waiver of sovereign immunity in the Back Pay Act to apply to back pay awarded in Title VII actions. It is illogical to conclude that Congress intended that interest be paid on back pay awarded to federal employees by an arbitrator in a collective bargaining dispute, or by the Merit Systems Protection Board in a civil service dispute, or by the National Labor Relations Board in a labor dispute, or by a court in any employment dispute, but not by the Equal Employment Opportunity Commission or by a court in any action arising under Title VII. Because the provisions of the Back Pay Act were used by the EEOC in calculations of back pay prior to the 1987 amendment, it is logical to conclude that, if Congress had intended to *exclude* Title VII actions from the waiver of immunity for interest, Congress would have so specified in the amendment. This analysis is in accord with other district courts that have applied the amendment to back pay awards in Title VII actions. *See, e.g., Mitchell v. Secretary of Commerce,* 715 F.Supp. 409, 411 (D.D.C.1989); *Brown v. Marsh,* 713 F.Supp. 20, 24 (D.D.C.1989); *Parker v. Burnley,* 693 F.Supp. 1138, 1153 (N.D.Ga.1988), *as modified,* 703 F.Supp. 925, 926 (N.D.Ga.1988).

B. *Exclusivity Provisions of Title VII.*

The defendants argue that a plaintiff in a Title VII action cannot be awarded interest pursuant to the amendment to the Back Pay Act because Title VII provides the exclusive, preemptive remedy for employees of the federal government who allege discrimination based on one of the categories enumerated in the statute. *See, Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). This argument misses the point. The question before the Court is not whether the Back Pay Act can provide a separate or additional remedy to Title VII plaintiffs. The question is whether the waiver of sovereign immunity for the payment of interest in the Back Pay Act *applies* to back pay awarded in Title VII actions. The Supreme Court has made clear that a waiver of immunity for the payment of interest in a Title VII action may be found in a statute other than Title VII itself.

In *Loeffler v. Frank,* 486 U.S. 549, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988), the plaintiff sued the United States Postal Service for sex discrimination under Title VII.

He prevailed in the district court and was awarded reinstatement and back pay, but was denied prejudgment interest. He appealed the denial of interest, arguing that Congress had waived the Postal Service's immunity from interest in the 1970 Postal Reorganization Act, 39 U.S.C. § 401(1), which provides that the Postal Service may "sue and be sued." The Eighth Circuit upheld the district court's decision in reliance upon *Library of Congress v. Shaw,* 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986), discussed *supra.*

The Supreme Court overturned the decision, holding that by empowering the Postal Service to "sue and be sued," Congress had launched it into the commercial world and "waived its immunity from interest awards, authorizing recovery of interest from the Postal Service to the extent that interest is recoverable against a private party as a normal incident of suit." *Loeffler,* 108 S.Ct. at 1970. The Court explicitly rejected the Postal Service's argument that the only waiver of sovereign immunity applicable to a Title VII suit is found in Title VII itself. *Id.* at 1973. The Court also rejected the Postal Service's argument that because § 717 of Title VII, the section that allows suits against the federal government, did not expressly authorize an award of prejudgment interest, such an award is unavailable, noting that § 717 incorporated other provisions of Title VII, applicable to private parties, that *do* provide for an award of prejudgment interest. The issue, therefore, was not whether interest was authorized as a remedy by the statute, but whether the United States had waived its immunity from interest. *Id.* at 1974. "In creating the Postal Service, Congress did just that, and therefore, the no-interest rule does not apply to it." *Id.* at 1974.

This opinion establishes two premises applicable to this case. First, Title VII does not itself have to contain a waiver of immunity from interest in order for the Court to find such waiver exists. Second, the fact that Title VII does not expressly authorize an award of prejudgment interest in a suit against the federal government does not mean that the statute's exclusivity provisions preclude such an award. According-

ly, the Court rejects the defendants' contention that the holding of *Brown v. General Services Administration* precludes a finding for the plaintiff in this case, and holds that the waiver of immunity for interest in the Back Pay Act applies to back pay awarded in a Title VII action.

II. Requirement of a Reduction in Pay.

The Back Pay Act provides relief when an employee has suffered a "withdrawal or reduction" in pay as a result of an unjustified or unwarranted personnel action. The government argues that, even if the Court holds that the waiver of immunity for interest applies in Title VII actions, the plaintiff in this case is not entitled to invoke the provisions of the Back Pay Act because she did not suffer a "reduction or withdrawal" in her pay. This argument is based upon the fact that the plaintiff's initial discrimination complaint, filed in 1977, alleged a failure to promote. Generally, the provisions of the Back Pay Act do not apply in such cases. *See, United States v. Testan,* 424 U.S. 392, 407, 96 S.Ct. 948, 957, 47 L.Ed.2d 114 (1976), discussed *infra.* The plaintiff offers two arguments in response. First, the Back Pay Act was amended in 1978 to include claims for failure to promote. Second, although her original claim alleges a failure to promote, her current claim is of a different nature. It alleges that her supervisors made false representations that caused her to suffer a reduction in pay.

In *United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976), the Supreme Court held that the provisions of the Back Pay Act did not apply when the plaintiff sought back pay to compensate for an incorrect job classification. The Court interpreted the Back Pay Act as applying only when an employee has suffered an actual reduction in pay. *Id.* at 407, 96 S.Ct. at 957. Two years later, as part of the Civil Service Reform Act of 1978, the statute was amended to specify that "an unjustified or unwarranted personnel action" included "the omission or failure to take an action or confer a benefit." 5 U.S.C. § 5596(b)(4); *see generally, Spagno-*

*la v. Stockman,* 732 F.2d 908, 910 (Fed.Cir. 1984). The Senate Report on the amendment states that it was intended to "reflect the broader interpretation of the statute that [had] been given the Back Pay Act in recent years by the Comptroller General and the Civil Service Commission through decisions and regulations." S.Rep. No. 969, 95th Cong., 2d Sess., at 114–115, *reprinted in* 1978 U.S.Code Cong. & Admin. News 2723, 2836–2837. According to the Report, the amendment provides for coverage under the Back Pay Act "for any employee who is found by an appropriate authority to have suffered a withdrawal, reduction, *denial, or denial of an increase in,* all or part of the employee's pay, allowances, differentials or any other monetary or *employment benefits* which would not have occurred but for an unjustified or unwarranted action taken by the agency." *Id.* (emphasis added). The amendment also acknowledged the Supreme Court's decision in *United States v. Testan, supra,* by providing that the Back Pay Act does not apply to reclassification actions.

Since the 1978 amendment, courts have been divided on the issue of whether the amendment was intended to expand the scope of the Back Pay Act to cases involving a failure to promote. In *Spagnola v. Stockman,* 732 F.2d 908 (Fed.Cir.1984), the plaintiff sought back pay for three years in which he claimed he had performed the duties of a GS–15 position, but had been paid a GS–14 salary. The Federal Circuit rejected his claim, finding that no statute created a substantive right for recovery of back pay in that situation. In its opinion, the court briefly reviewed the 1978 amendments to the Back Pay Act.

> [T]he 1978 amendment was *not* designed to provide payment for all actions which should or might well have been taken, but only for those payments or benefits which were *required* by law (a statute or regulation). The history of the change emphasizes this limited purpose. Previously, the Back Pay Act literally permitted recovery only when the employee incurred 'a withdrawal or reduction' in pay, 5 U.S.C. § 5596(b) (1976)—thus omitting in words to blanket failures to make *additional* payments that were mandated by law, *e.g.,* a statutory periodic increase or a benefit conferred by a non-discretionary administrative regulation. For some years, the General Accounting Office authorized such payment for non-discretionary benefits … and in 1977 the Civil Service Commission adopted regulations along the same line.... The 1978 amendment to the Back Pay Act was specifically intended to incorporate that general administrative position into the Act—and no more.

*Id.* at 912 (emphasis in original) (citations omitted). The Federal Circuit's interpretation of the 1978 amendment, therefore, is that the Back Pay Act applies only when the plaintiff has been denied a promotion required by law. If the promotion was discretionary, the claim for back pay is outside the scope of the Back Pay Act. *See . also, Mitchell v. Secretary of Commerce,* 715 F.Supp. 409, 411 (D.D.C.1989), (the applicability of the Back Pay Act rests not on the type of "personnel action" at issue, but on the *effect* of the action, namely the reduction or withdrawal of pay); *Brown v. Marsh,* 713 F.Supp. 20, 24–25 (D.D.C.1989).

In contrast, in *Rollins v. Bennett,* 48 Fair Empl.Prac.Cases (BNA) 1172 (W.D. Wash.1988), the court held that the Back Pay Act applied to a claim for failure to promote in an age discrimination suit. In its opinion, the court analyzed the history of the Back Pay Act, paying particular attention to the 1978 amendment that added the phrase "failure to confer a benefit." 5 U.S.C. § 5596(b)(4). The court concluded that the phrase had been inserted to limit the application of *United States v. Testan* to claims for reclassification.[1] The inclusion of the "failure to confer a benefit" language, according to the court, evidenced Congress' intent to extend the application of the Back Pay Act to cases in which the

---

1. The *United States v. Testan* decision involved a claim for reclassification, not a claim for failure to promote. The decision was interpreted by lower courts, however, to preclude application of the Back Pay Act in any case in which the plaintiff alleged a failure to confer a benefit.

unjustified personnel action was a failure to promote. The court stated its conclusion as follows:

Congress specifically considered the issue of promotions. If it did not intend the statute to address promotions, one of the most important 'benefits' available through employment, it could have made an explicit exception to that effect.

*Rollins* at 1175.

Because this Court agrees with the plaintiff's characterization of her current EEO complaint, it is unnecessary for the Court to resolve the "failure to promote" issue. The plaintiff's current complaint does not allege a failure to promote. That claim was resolved in 1980, at which time, by way of a settlement, the plaintiff was promoted to the position she had sought three years earlier. The current complaint alleges a discriminatory pattern of deception. Specifically, the plaintiff alleges that at the time she settled her case, her supervisors deliberately and falsely represented to her that she was not entitled to a retroactive pay increase, despite the fact that the regulations of the IRS did entitle her to such relief. The Court does not have to decide the truth of this allegation. Nor does the Court have to determine whether the retroactive pay increase was required by law or whether the plaintiff's promotion in 1977 was nondiscretionary. Those are decisions on the merits to be made by the EEOC. The Court need only determine whether the plaintiff's allegations fall within the scope of personnel action covered by the Back Pay Act. The Court holds that they do.

The Back Pay Act defines "personnel action" as including "the omission or failure to take an action or confer a benefit." 5 U.S.C. § 5596(b)(4). If the plaintiff was indeed entitled to a retroactive promotion in 1980 (a decision to be made by the EEOC), the IRS's representations to the contrary and refusal to grant her such relief constituted a "failure to confer a benefit." This failure caused the plaintiff to suffer a reduction in the pay she received as a result of her settlement. Accordingly, if the EEOC ultimately determines that the plaintiff was affected by an "unjustified and unwarranted personnel action," the plaintiff is entitled to have her award calculated according to the provisions of the Back Pay Act.

## CONCLUSION

For the reasons stated above, the Court grants summary judgment in favor of the plaintiff as follows:

1. The Court holds that the waiver of sovereign immunity from the payment of interest on back pay awarded to federal employees contained in the Back Pay Act, 5 U.S.C. § 5596, applies to actions filed under Title VII.

2. The Court holds that if the plaintiff prevails on the merits of her claim before the EEOC, she is entitled to invoke the provisions of the Back Pay Act and to receive interest on any back pay awarded.

SO ORDERED.